The Full Commission has reviewed the prior Opinion and Award of Deputy Commissioner William C. Bost, filed on December 9, 1996, based on the record of the proceedings before Deputy Commissioner Bost and the briefs on appeal and after remand. The Full Commission received no additional witness testimony and each party waived oral argument before the panel. The appealing party has shown good ground to reconsider the evidence. Upon reconsideration of the entire record of evidence, including the Deputy Commissioners first hand observations of the witnesses, the Full Commission reverses the Deputy Commissioners Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties through a Pre-Trial Agreement and at the hearing on 7 November 1996 as:
 STIPULATIONS
1. The parties are properly before the Commission and the Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. Plaintiffs average weekly wage is to be determined by the employment documents submitted and stipulated into evidence.
4. The parties stipulated that the medical records from Occupational Health Center, High Point Regional Hospital, Med Source, High Point Orthopaedic Sports Medicine, Inc., Bray-Maness Physical Therapy, Inc., and all Industrial Commission records and employment records could be stipulated and received into evidence.
5. The issues to be resolved are:
(a) Did plaintiff suffer a compensable injury by accident arising out of and in the course of her employment on or about 19 June 1995 on the premises of the defendant, Cardinal Container Services.
(b) If so, to what amount of workers compensation benefits is plaintiff entitled?
 ***********
Having considered all the evidence, including the first hand observations of the witnesses by the Deputy Commissioner, the Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing on 7 November 1996, plaintiff was a 36-year-old woman who has a GED and took additional classes to obtain a CNA. Prior to her employment with defendant-employer, plaintiff had worked for a variety of employers including: Hilltop Living Center, Golden Age Nursing Home and Lexington Health Care Facility.
2. Plaintiff began her employment with defendant-employer on 23 May 1995. Plaintiff was hired to work forty hours a week at $5.50 per hour. Plaintiff worked for defendant-employer from 23 May 1995 until 19 June 1995, earning a total of $655.38.
3. Plaintiff performed various jobs in her employment with defendant-employer. Plaintiffs duties included the washing and drying of drums, placing gaskets on the rings for lids and then helping load the drums onto trucks. Plaintiff would use a ramp with rollers on it to move the drums from one location to another. Plaintiff also worked on a shredding machine.
4. On 31 May 1995, plaintiff was using a ramp when she stepped onto one of its rollers. Her feet came out from under her and plaintiff fell to the floor, injuring her back. As the result of this injury, plaintiff was out of work for a short period, returning after two or three days. After her return to work, plaintiff did not experience further symptoms as the result of this injury and did not file a claim seeking workers compensation benefits. Plaintiffs work related injury of 31 May 1995 is not the subject of the claim now before the Industrial Commission.
5. While working for defendant-employer on 19 June 1995, plaintiff stepped into a depression in the floor at the lower end of a ramp she was using. When plaintiff stepped into this depression in the floor, her left ankle turned and was injured. Despite the pain she was experiencing, plaintiff continued to work on the day of her injury and completed her shift.
6. Plaintiff testified that she informed Mr. Jeff Rominger, her supervisor about her injury on the day it occurred and that she informed a maintenance worker that the depression in the floor needed repair.
7. On the date of her ankle injury, plaintiff was wearing steel-toed boots. After work that evening, plaintiff removed her work boot and her ankle began to swell. Plaintiff testified that she attempted to contact Mr. Rominger to inform him of the swelling, but was unsuccessful in reaching him. The next day, on 20 June 1995, plaintiff sought medical treatment for her ankle injury.
8. The next day, on 20 June 1995, plaintiff was examined at the Occupational Health Center in High Point, North Carolina. Office notes of that date indicate that plaintiff reported that she injured her left ankle at work after stepping into a depression in the floor. The examination revealed that plaintiff was experiencing numbness in her toes on her left foot and had sustained a join effusion in her left ankle. Plaintiff was prescribed medication, given an air cast and was removed from work until such time as she could be evaluated by an orthopedist.
9. Plaintiff was then referred to High Point Orthopaedic Sports Medicine, Inc., where she was initially examined on 23 June 1995. According to an office report of that date, plaintiff again gave a history of injuring her left ankle at work when she stepped into a depression in the floor. Plaintiffs examination revealed swelling on the medial and lateral aspects of her ankle and acute tenderness over the proximal fibular shaft. Dr. David B. Ross diagnosed plaintiff as having sustained a left ankle grade II sprain. Dr. Ross advised plaintiff to continue using the air cast, to elevate her ankle and continued her removal from work.
10. Dr. Ross next examined plaintiff on 29 June 1995, finding continued tenderness, swelling and pain associated with plaintiff bearing weight on her ankle. Plaintiff was given a leg orthotic, which also covers the foot and ankle, for added comfort. As of that date, plaintiff was unable to return to work.
11. On 11 July 1995, plaintiff was again examined by Dr. Ross, who noted that she had not responded to restricted movement and protective immobilization. Dr. Ross then referred plaintiff to Bray Maness Physical therapy for work on her ankle. Plaintiff was advised to continue using the leg orthotic and to remain out of work.
12. After attending physical therapy for a short period, plaintiff ended the sessions because she was unsure who would pay for them after defendants denied her claim.
13. In his office notes of 18 August 1995, Dr. Ross indicates that plaintiff had been responding to the physical therapy that he had prescribed. Because of this improvement, Dr. Ross released plaintiff to return to sedentary work that would involve constant or frequent sitting beginning on 19 August 1995.
14. The Deputy Commissioner in this matter found that plaintiffs testimony regarding the cause and circumstances of her injury not to be credible. In support of this finding, the Deputy Commissioner also found the following: that plaintiff had made incriminating statements to an acquaintance regarding her employment with defendant-employer; that Mr. Otis Fulk had been given an inconsistent explanation for plaintiffs injury; and that a coworker had observed plaintiff limping prior to the time at which she was allegedly injured.
15. In this matter there is conflicting testimony regarding the cause and circumstances of plaintiffs injury. The Deputy Commissioner resolved these conflicts by finding plaintiffs testimony not to have been credible. However, despite the Deputy Commissioners ability to observe the witnesses first hand, the Full Commission finds that plaintiffs testimony regarding the cause and circumstances of her ankle injury was credible. In support of this finding, the Full Commission notes the following: Ms. Tina Fulk, a witness called by defendants, testified that she had been told by plaintiff that her back had been injured during a fall at work; medical records, which were stipulated to by the parties, indicate that plaintiff consistently gave a history of injuring her ankle by stepping into a depression in the floor at work.
16. Mr. Ronnie Hammonds testified that on 19 June 1995, he asked plaintiff about her injuries and that plaintiff told him that she was injured when she slipped on a roller and fell. However, plaintiffs back injury occurred and was reported three weeks prior to 19 June 1995. The Full Commission finds that because of his confusion as to the dates on which events occurred, Mr. Hammonds testimony regarding plaintiffs back and ankle injuries should be given little or no weight.
17. There is conflicting testimony regarding whether or not defendant-employer had sedentary work available when plaintiff was released. Plaintiff testified that she was informed that no such work was available. However, Mr. Steven Berrier, defendant-employers plant manager, testified that sedentary work was available and that he had discussed this with plaintiff. The Deputy Commissioner in this matter made no findings regarding whether or not suitable sedentary work was available or offered to plaintiff by defendant-employer. The Full Commission finds that there is insufficient evidence in the record from which it can determine whether or not suitable sedentary work was available and offered to plaintiff by defendant-employer.
18. Following her release to return to sedentary work, plaintiff unsuccessfully attempted to find work or to otherwise obtain assistance through North Carolina Vocational Rehabilitation, Davidson County Employment and Training, and from the Employment Security Commission. Plaintiff later found work as a part time baby-sitter, earning $30.00 per week.
19. Having found plaintiffs testimony to be credible, the Full Commission finds that the incident at work on 19 June 1995 was an interruption of plaintiffs normal work routine which introduced unusual conditions likely to result in unexpected consequences and, therefore, constituted an injury by accident arising out of and in the course of her employment with defendant-employer.
20. As the result of her 19 June 1995 injury by accident, plaintiff was incapable of earning wages in her former position with defendant-employer or in any other position from 20 June 1995 through 19 August 1995.
21. There is insufficient evidence of record from which the Full Commission can determine plaintiffs average weekly wage and corresponding compensation rate.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 19 June 1995 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer resulting in an injury to her ankle. N.C. Gen. Stat. 97-2(6).
2. The Full Commission concludes that there is insufficient evidence of record from which it can determine plaintiffs average weekly wage and corresponding compensation rate. N.C. Gen. Stat. 97-2(5).
3. As the result of her injury by accident, plaintiff is entitled to be paid by defendants temporary total disability compensation at her compensation rate for the period of 20 June 1995 through 19 August 1995. N.C. Gen. Stat. 97-29. This compensation having accrued shall be paid to plaintiff in a lump sum. Id.
4. The Full Commission concludes that there is insufficient evidence of record from which it can be determined whether or not plaintiff is entitled to additional benefits after 19 August 1995. N.C. Gen. Stat. 97-2et seq.
5. As the result of her injury by accident, plaintiff is entitled to have defendants pay for all medical expenses incurred. N.C. Gen. Stat.97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay plaintiff temporary total disability compensation her compensation rate for the period of 20 June 1995 through 19 August 1995.
2. Defendants shall pay for all medical expenses incurred by plaintiff as the result of her 19 June 1997 injury by accident.
3. A reasonable attorneys fee of twenty-five percent (25%) of the compensation awarded herein is awarded to counsel for plaintiff, which shall be deducted from the amount having accrued and paid directly to counsel for plaintiff.
4. Defendants shall pay the costs.
 ***********
The Full Commission hereby ORDERS that this matter is REMANDED to a Deputy Commissioner for the determination of plaintiffs average weekly wage and corresponding compensation rate, whether or not suitable work was available and offered by defendant-employer to plaintiff as of 19 August 1995, and what compensation, if any, is plaintiff entitled to from that date.
This 16th day of February 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER